UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHERINE ELDARS,

                              Plaintiff,

v.                                                                        1:19-CV-0801
                                                                          (GTS/DJS)
STATE UNIVERSITY OF NEW YORK AT ALBANY;
SHAO LIN, Ph.D.; DANIELLE E. GRASSO, M.S.;
PATRICK J. PARSONS, Ph.D.; KATHLEEN A.
McDONOUGH, Ph.D.; and AMELIA BARBADORO,
Ph.D., J.D.,

                              Defendants.
_____

APPEARANCES:                                                    OF COUNSEL:

SHERINE ELDARS
   Plaintiff, *Pro Se*
4281 Express Lane, Suite M5596
Sarasota, FL 34249

HON. LETITIA A. JAMES                                      BRIAN W. MATULA, ESQ.
Attorney General for the State of New York
   Counsel for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Sherine Eldars

("Plaintiff") against the State University of New York at Albany ("SUNY Albany"), Dr. Shao

Lin, Danielle E. Grasso, Dr. Patrick J. Parsons, Dr. Kathleen A. McDonough, and Dr. Amelia

Barbadoro ("Defendants"), is Defendants' motion to dismiss Plaintiff's Complaint for failure to

state a claim upon which relief can be granted.  (Dkt. No. 14.)  For the reasons set forth below,

Defendants' motion is granted, although the Court finds that the *pro* se Plaintiff should be afforded an opportunity to amend part of her Complaint before the dismissal of this action.

## I.     RELEVANT BACKGROUND

### A.     Plaintiff's Complaint

Generally, in her Complaint, Plaintiff asserts five claims arising from her treatment as an international graduate student in the Environmental Health and Sciences Ph.D. program at the School of Public Health of SUNY Albany between the fall of 2015 and spring of 2019: (1) a claim that Defendants violated her rights under the Due Process Clause of the Fourteenth Amendment; (2) a claim that Defendants violated her rights under the Equal Protection Clause of the Fourteenth Amendment; (3) a claim that Defendant Barbadoro discriminated against her on the basis of her national origin in violation of Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d et seq.) by refusing to report the violation of Plaintiff's civil rights; (4) a claim that Defendants Lin, Grasso, and SUNY Albany violated her rights under the Due Process Clause of the Fourteenth Amendment by depriving her of her intellectual property rights; and (5) a claim that Defendants engaged in a conspiracy under 42 U.S.C. § 1983 to violate her constitutional rights.  (Dkt. No. 1 [Pl.'s Compl.].)

### B.     Parties' Briefing on Defendants' Motion to Dismiss

#### 1.     Defendants' Memorandum of Law

Generally, in their motion to dismiss, Defendants make five arguments.  (Dkt. No. 14, Attach. 1, at 3-11 [Defs.' Mem. of Law].)  First, Defendants argue that Plaintiff's claims against Defendant SUNY Albany must be dismissed because Defendant SUNY Albany is an agency of the State of New York and thus immune from suit under the Eleventh Amendment.  (*Id.* at 3.)

Second, Defendants argue that Plaintiff has failed to state a claim pursuant to the Due Process Clause because (a) the process required for dismissals based on curriculum standards are minimal, (b) Plaintiff has failed to allege facts plausibly suggesting that Defendants interfered with her due process rights in that she is challenging the ultimate outcome of the proceedings rather than the proceedings themselves, and (c) her own Complaint alleges that she availed herself of the process provided by appealing the initial decision against her. (*Id.* at 3-6.) Defendants also argue that a claim under the Due Process Clause is not available because Plaintiff had the ability to pursue an Article 78 proceeding to resolve her grievances and such proceedings have been found to constitute sufficient post-deprivation process. (*Id.*)

Third, Defendants argue that Plaintiff has failed to state an equal protection claim because she has failed to allege any facts plausibly suggesting the existence of a similarly situated person who was treated differently from her, and she has failed to allege facts plausibly suggesting that any of Defendants' actions were motivated by her national origin; the fact that she alleged that Defendant Barbadoro treated her differently because she had an international phone number does not plausibly suggest a discriminatory motivation because of her membership in a protected class. (*Id.* at 6-7.)

Fourth, Defendants argue that Plaintiff has failed to state a discrimination claim because (a) the university conducted an investigation into her complaint and provided findings based on that investigation, (b) the fact that Defendant Barbadoro's office did not conduct that investigation does not plausibly suggest discrimination by Defendant Barbadoro, and (c) Plaintiff has not alleged facts plausibly suggesting that she was harmed or that Defendant Barbadoro's actions were taken based on discriminatory animus. (*Id.* at 7-9.) Additionally, Defendants argue

3

that this claim must be dismissed because Plaintiff has asserted it against only Defendant

Barbadoro, and Title VI claims cannot be asserted against an individual.  (*Id.*)

Fifth, Defendants argue Plaintiff's claims against the individual Defendants must be

dismissed because Plaintiff has failed to allege facts plausibly suggesting their personal

involvement in the remaining alleged violations.  (*Id.* at 10-11.)  Specifically, Defendants argue

that Plaintiff has failed to allege facts plausibly suggesting that any of the individual Defendants

interfered with her due process rights related to her intellectual property or participated in a

conspiracy to violate her rights.  (*Id.*)

### 2.    Plaintiff's Opposition Memorandum of Law

Generally, in her opposition memorandum of law, Plaintiff makes five arguments.  (Dkt.

No. 17, at 3-26 [Pl.'s Opp'n Mem. of Law].)  First, Plaintiff argues that Defendant SUNY

Albany should not be dismissed based on the doctrine of sovereign immunity because she has

alleged facts plausibly suggesting that the SUNY Defendants violated her rights and injured her.

(*Id.* at 3.)

Second, Plaintiff argues that her due process claim should not be denied because each of

the individual Defendants violated her rights in the following ways: (a) Defendant Lin withheld

her course grades in a manner that did not accord with internal rules for grading (resulting in her

eventual dismissal from the Ph.D. program), compelled her to perform work for Defendant Lin's

courses without following the internal rule for assignments of student intellectual property, and

defamed her by saying that she acted unethically regarding her Student Poster Day assignment

without following the proper procedures for reporting breaches of academic integrity; (b)

Defendant Grasso both allowed Defendant Lin to withhold her grades and initiated her dismissal

4

from the program despite being aware that Defendant Lin's actions were in violation of the university's internal policies; (c) Defendant Parsons approved and signed her dismissal from the Ph.D. program without inquiring into the irregular circumstances; (d) Defendant McDonough excluded her reports about Defendant Lin's actions from "the School of Public Health Committee review"; and (e) Defendant Barbadoro refused to address her complaint. (*Id.* at 3-6.) Plaintiff also argues that she was not required to file an Article 78 action because she is alleging constitutional violations, and that Defendants violated her due process rights primarily by failing to abide by their own internal standards and policies related to grading and other actions. (*Id.* at 6-7.)

Third, Plaintiff argues that she has alleged facts plausibly stating a claim for a violation of her equal protection rights. (*Id.* at 8-11.) More specifically, Plaintiff argues that (a) the fact that she is alleging that Defendants failed to follow the university's internal policies relieves her of any need to allege a similarly situated comparator because the deviation from the standard policy shows that she was singled out for different treatment, and (b) she has alleged that Defendant Lin acted with a malicious or bad faith intent to injure her when withholding her grades to force her to do Defendant Lin's work and when punishing her for her submission to the Student Poster Day. (*Id.*)

Fourth, Plaintiff argues that she has alleged facts plausibly stating a claim for national origin discrimination for the following reasons: (a) it was the responsibility of Defendant Barbadoro to handle her complaint because it pertained to illegal treatment rather than mere academic concerns; (b) she did not receive a formal decision based on the investigation, and the informal results that were communicated to her are contradicted by the evidence of Defendant

5

Lin's conduct; and (c) because no explanation has been provided for the treatment to which she

was subjected, that treatment was presumably based on her national origin. (*Id.* at 11-13.)

Plaintiff also requests that she be permitted to amend her Complaint to assert this claim against

Defendant SUNY Albany. (*Id.* at 13-14.)

Fifth, Plaintiff argues that she has alleged facts plausibly suggesting that each of the

individual Defendants was personally involved in the alleged violations of her rights in the

following ways: (a) Defendant Lin directly participated in the violations; (b) Defendant Grasso

was grossly negligent in supervising Defendant Lin; (c) Defendant Parsons was grossly negligent

and deliberately indifferent in supervising Defendant Lin and Defendant Grasso; (d) Defendant

McDonough directly participated in the violations or failed to remedy the violations after she

became aware of them; and (e) Defendant Babadoro failed to remedy the violations when she

became aware of them. (*Id.* at 14-17.) Plaintiff argues that all of these Defendants would have

known that the alleged actions violated her civil rights and internal university policies. (*Id.*)

Plaintiff also argues that (a) as to her intellectual property rights, Defendant Lin forced her to

give up her rights by withholding her grades and Defendant Grasso ignored that this was

happening, and (b) her allegations that Defendants acted contrary to the university policies

plausibly suggest that Defendants agreed or conspired to deprive her of her constitutional rights.

(*Id.*)

## II.    GOVERNING LEGAL STANDARDS

It has long been understood that a dismissal for failure to state a claim upon which relief

can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds:

(1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a

challenge to the legal cognizability of the claim.  *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) [emphasis added].  In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal."  *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case).  On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests."  *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court.  *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases).  For this reason, as one commentator has correctly observed, the "liberal"

7

notice pleading standard "has its limits."  2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).  For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard.  *Rusyniak,* 629 F. Supp. 2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 560-61, 577.  Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim.  *Id*. at 555-70.  The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]."  *Id*. at 555.  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[D]etermining whether a complaint states a plausible claim for

relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense. . . .  [W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks

and citations omitted).  However, while the plausibility standard "asks for more than a sheer

possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability

requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to

relief, "the tenet that a court must accept as true all of the allegations contained in the complaint

is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.  Similarly,

a pleading that only "tenders naked assertions devoid of further factual enhancement" will not

suffice. *Iqbal*, 129 S. Ct. at 1949  (internal citations and alterations omitted).  Rule 8 "demands

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations

omitted).

## III.   ANALYSIS

### A.   Whether Defendant SUNY Albany Is Immune from Suit Based on the Doctrine of Sovereign Immunity

After careful consideration, the Court answers this question in the affirmative for the

reasons stated in Defendants' memorandum of law.  (Dkt. No. 14, at 3 [Defs.' Mem. of Law].)

To those reasons, the Court adds the following analysis.

The Eleventh Amendment bars suit against the states and their instrumentalities unless

the state has waived its sovereign immunity or Congress has validly abrogated that immunity.

*Virginia Office of Protection and Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011).  Courts

within the Second Circuit have held that SUNY (including its individual constituent universities)

"is an agency of the State of New York and thus cannot be sued in federal court absent the

State's consent."  *Gentleman v. State Univ. of New York–Stony Brook*, 16-CV-2012, 2017 WL

2468963, at *7 (E.D.N.Y. June 6, 2017); *see Dube v. State Univ. of New York*, 900 F.2d 587, 594

(2d Cir. 1990) ("For Eleventh Amendment purposes, SUNY 'is an integral part of the

government of the State of New York and when it is sued the State is the real party.'"); *accord,*

*Wolff v. State Univ. of New York College at Cortland*, 13-CV-1397, 2016 WL 9022503, at *16

(N.D.N.Y. Feb. 5, 2016) (Sannes, J.) (collecting cases); *Benbow v. State Univ. of New York–New*

*Paltz*, 11-CV-0870, 2014 WL 1871863, at *10 (N.D.N.Y. May 8, 2014) (Kahn, J.) (collecting

cases); *Barsumian v. Williams*, 29 F. Supp. 3d 303, 311 (W.D.N.Y. 2014).  As a result, unless

this immunity has been waived by the State of New York or abrogated by Congress, Plaintiff's

claims against Defendant SUNY Albany must be dismissed.

There is no indication that New York has consented to lawsuits pursuant to 42 U.S.C. §

1983 against the state (or its agencies) in federal court.  *See Kisembo v. New York State Office of*

*Children and Family Servs.*, 285 F. Supp. 3d 509, 519 (N.D.N.Y. 2018) (Hurd, J.) ("[T]he State

of New York has not waived its sovereign immunity from § 1983 claims in federal court.");

*Jackson v. Battaglia*, 63 F. Supp. 3d 214, 220 (N.D.N.Y. 2014) (Hurd, J.) ("New York has not

waived its sovereign immunity from ADA, § 1981, § 1983, or NYSHRL claims in federal

court.").  Additionally, it is well established that Congress did not express an intent to abrogate

the states' sovereign immunity for cases arising under 42 U.S.C. § 1983.  *See Will v. Michigan*

*Dept. of State Police*, 491 U.S. 58, 64-67 (1989) (holding that Congress did not intend for a state

to qualify as a "person" for the purposes of  42 U.S.C. § 1983 and did not clearly express intent

to abrogate the states' sovereign immunity); *Dube*, 900 F.2d at 594-95 (holding that the Eleventh

Amendment precluded an action pursuant to 42 U.S.C.  § 1983 against SUNY).

Because SUNY is an agency of the State of New York and there is no indication that

either the State of New York or Congress have expressed any intent to override New York's

sovereign immunity in cases brought pursuant to 42 U.S.C. § 1983, the Court finds that

Plaintiff's claims against Defendant SUNY Albany are precluded by the Eleventh Amendment.[1]

> **B.**     **Whether Plaintiff Has Stated a Due Process Claim Upon Which Relief Can Be Granted**

After careful consideration, the Court answers the above question in the negative for the

reasons stated in Defendants' memorandum of law.  (Dkt. No. 14, Attach. 1, at 3-6 [Defs.' Mem.

of Law].)  To those reasons, the Court adds the following analysis.

It is well established that, with regard to claims based on "random, unauthorized acts by

state employees," "the Due Process Clause of the Fourteenth Amendment is not violated when a

state employee intentionally deprives an individual of property or liberty, so long as the State

---

[1]     The Court notes that the result would be different with regard to Plaintiff's claim for discrimination brought pursuant to Title VI.  *See* 42 U.S.C. § 2000d-7(a)(1) (explicitly stating that "[a] State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of . . . title VI of the Civil Rights Act of 1964, or the provision of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance").  Granted, in her Complaint, Plaintiff did not assert her Title VI claim against Defendant SUNY Albany.  (Dkt. No. 1, at ¶¶ 79-80 [Pl.'s Compl.].)  However, in her opposition memorandum of law, Plaintiff requests to be allowed to amend her Complaint to assert that claim against SUNY Albany.  (Dkt. No. 17, at 13-14 [Pl.'s Opp'n Mem. of Law].) Because the Eleventh Amendment does not facially bar such a claim, the Court will discuss the specifics of a claim against Defendant SUNY Albany below in Part III.D. of this Decision and Order.

provides a meaningful postdeprivation remedy." *Hellenic American Neighborhood Action Committee v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) (citing *Hudson v. Palmer*, 468 U.S. 517, 531 [1984]).  The Second Circuit has repeatedly recognized that "an Article 78 proceeding is a perfectly adequate postdeprivation remedy" because it "provides both a hearing and a means of redress for petitioners." *Hellenic American Neighborhood Action Committee*, 101 F.3d at 881 (collecting cases); *accord, Locurto v. Safir*, 264 F.3d 154, 175 (2d Cir. 2001). Additionally, the mere availability of an Article 78 proceeding is sufficient; the fact that such an action might at a certain time become barred by the applicable statute of limitations does not mean that a plaintiff is deprived of due process simply because she has failed to avail herself of the opportunity to bring such a claim.  *Id.*; *see Horton v. Westling*, 765 F. App'x 531, 533 (2d Cir. 2019) (finding that Article 78 provided a meaningful opportunity to challenge the procedures during suspension and appeal hearings even though the plaintiff did not actually file an Article 78 action); *accord, Sindone v. Kelly*, 254 F. App'x 58, 59-60 (2d Cir. 2007).

As stated above in Part I.B.2. of this Decision and Order, Plaintiff argues that the availability of an Article 78 proceeding should not foreclose her ability to seek relief in this Court under the Due Process Clause because she is alleging violations of her constitutional rights. (Dkt. No. 17, at 6 [Pl.'s Opp'n Mem. of Law].)   However, the Second Circuit has indicated clearly that "constitutional issues can be decided in Article 78 proceedings." *Hellenic American Neighborhood Action Committee*, 101 F.3d at 881.  Similarly, Plaintiff's arguments about whether or not she exhausted internal or state remedies (and whether or not she was required to do so) are immaterial because the established law indicates that there exists no constitutional violation (and thus no basis for a claim pursuant to 42 U.S.C. § 1983) "where there is an

adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty." *Id.* at 881-82 (citing *Zinermon v. Burch*, 494 U.S. 113, 132 [1990]; *Parratt v. Taylor*, 451 U.S. 527, 541 [1981]; *Hudson v. Palmer*, 468 U.S. 517 531, 533 [1984]).  Plaintiff had the opportunity to raise all of her current grievances about the alleged due process violations in an Article 78 proceeding and thus was provided with an adequate state postdeprivation remedy.

For all of these reasons, the Court finds that Plaintiff's due process claims must be dismissed.[2]

### C.      Whether Plaintiff Has Stated an Equal Protection Claim Upon Which Relief Can Be Granted

After careful consideration, the Court answers the above question in the negative for the reasons stated in Defendants' memorandum of law.  (Dkt. No. 14, Attach.1, at 6-7 [Defs.' Mem. of Law].)  To these reasons, the Court adds the following analysis.

The Equal Protection Clause of the Fourteenth Amendment provides that a state shall not "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Constitution, amend. XIV, § 1.  Two claims exist arising from a violation of the Equal Protection Clause: (1) a selective enforcement claim; and (2) a "class-of-one" claim.

---

[2]      The Court notes that this dismissal applies also to Plaintiff's separately asserted claim that her due process rights were violated by Defendants' actions in obtaining her intellectual property "without following SUNY at Albany regulations established for students [sic] voluntary assignment of intellectual property."  (Dkt. No. 17, at 3-4 [Pl.'s Opp'n Mem. of Law].)  The Court notes that the constitutional provision cited by Plaintiff as a basis for this claim provides no individual right to intellectual property, but merely establishes Congress' power to establish intellectual property laws.  U.S. Constitution, Article I, § 8.  Because Plaintiff's claim is, at bottom, one that Defendants deprived her of her intellectual property without due process, the above-discussed rationale related to her more generic due process claim (arising from her grades, her complaint, and her dismissal) applies equally to her intellectual property-based claim.

"To prevail on a claim of selective enforcement, plaintiffs in this Circuit traditionally have been required to show both (1) that they were treated differently from other similarly situated individuals, and (2) that such differential treatment was based on 'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001); *accord, AYDM Assocs., LLC v. Town of Pamelia*, 205 F. Supp. 3d 252, 265 (N.D.N.Y. 2016) (D'Agostino, J.). For a selective enforcement claim, the plaintiff must identify comparators who are "roughly equivalent" but there need not be an exact correlation between the plaintiff and the comparators. *AYDM Assocs., LLC*, 205 F. Supp. 3d at 265.

By comparison, a class-of-one claim can be brought where "a plaintiff is intentionally treated differently from others similarly situated and 'there is no rational basis for the difference in treatment.'" *AYDM Assocs., LLC*, 205 F. Supp. 3d at 268 (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 [2000]). For a class-of-one claim, the plaintiff must "show an extremely high degree of similarity between themselves and the persons to whom they compare themselves," such that "the plaintiff and the comparator must be '*prima facie* identical in all relevant respects.'" *AYDM Assocs., LLC*, 205 F. Supp. 3d at 268.

Plaintiff argues that she is not required to allege facts plausibly suggesting that she was treated differently than other individuals because she is alleging that Defendants selectively enforced their own policies with respect to her and her grades, and that the mere fact that they failed to follow their own policies with respect to her is sufficient to show that she was intentionally treated differently than everyone else to whom the policies were faithfully applied.

(Dkt. No. 17, at 8 [Pl.'s Opp'n Mem. of Law].)  As can be seen from the Court's recitation of the relevant law applicable to both the selective enforcement and class-of-one theories, Plaintiff is incorrect that she is not required to allege the existence of similarly situated comparators, but rather must do so (to varying degrees) regardless of which theory she is proceeding under.

As Defendants argue, Plaintiff has not alleged any potential comparators in her Complaint; in particular, she offers no factual allegations plausibly suggesting that other students in her specific Ph. D. program were not subject to similar conduct (i.e., having grades withheld and/or being assigned to complete work related to their professor's classes without intellectual property agreements).  The fact that Defendants allegedly deviated from the university's own policies with respect to her does not, by itself, plausibly suggest an equal protection claim without any factual allegations that those same rules were applied as written to other similarly situated individuals.  Consequently, because Plaintiff has failed to make any allegations about comparators, she has not stated an equal protection claim as a matter of law.  *See C.T. v. Valley Stream Union Free Sch. Dist.*, 201 F. Supp. 3d 307, 322 (E.D.N.Y. 2016) (dismissing equal protection claim where the plaintiff provided only a conclusory assertion that he was treated differently than his nondisabled peers but failed to identify any similarly situated comparator).

For all of these reasons, the Court finds that Plaintiff's equal protection claim must be dismissed.

### D.   Whether Plaintiff Has Stated a Discrimination Claim Upon Which Relief Can Be Granted

After careful consideration, the Court answers this question in the negative for the reasons stated in Defendants' memorandum of law.  (Dkt. No. 14, Attach. 1, at 7-9 [Defs.' Mem.

of Law].)  To those reasons, the Court adds the following analysis.

The discrimination statute relied on by Plaintiff, 42 U.S.C. § 2000d, states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.  However, "Title VI claims cannot be asserted against an individual defendant because the individual is not the recipient of federal funding." *Goonewardena v. New York*, 475 F. Supp. 2d 310, 328 (S.D.N.Y. 2007) (citing *Folkes v. New York College of Osteopathic Medicine*, 214 F. Supp. 2d 273, 292 [E.D.N.Y. 2002]); *see also Verdi v. City of New York*, 306 F. Supp. 3d 532, 542 (S.D.N.Y. 2018) ("Title VI does not provide for individual liability."); *TC v. Valley Cent. Sch. Dist.*, 777 F. Supp. 2d 577, 593-94 (S.D.N.Y. 2011) (finding that individuals could not be held liable under Title VI in either his or her personal or official capacity).

Plaintiff has asserted this claim against Defendant Barbadoro only.  (Dkt. No. 1, at ¶¶ 79-80 [Pl.'s Compl.].)  Because Defendant Barbadoro is an individual defendant and not a recipient of any federal funding to SUNY Albany, she cannot be held liable for any violation of Title VI.

As discussed above in note 2 of this Decision and Order, Plaintiff has requested to amend her Complaint to add Defendant SUNY Albany to her discrimination claim, arguing in particular that Defendant SUNY Albany is liable for the actions of Defendant Barbadoro because she was its employee and was acting within the scope of her authority and employment.  (Dkt. No. 17, at 13-14 [Pl.'s Opp'n Mem. of Law].)  As an initial matter, the Court notes that Plaintiff has not alleged that Defendant SUNY Albany is a recipient of federal funds.  (Dkt. No. 1 [Pl.'s Compl.].)

In any event, even assuming that Defendant SUNY Albany is a recipient of federal funds

16

(and that Defendant SUNY Albany is therefore not protected from this claim by sovereign immunity), the Court finds that Plaintiff still has not stated a claim of discrimination under Title VI.  To state such a claim, a plaintiff must allege facts plausibly suggesting that (a) the defendant discriminated against her on the basis of race, color, or national origin, (b) the discrimination was intentional, and (c) the discrimination was a "substantial" or "motivating factor" for the defendant's actions.  *Tolbert v. Queens College*, 242 F.3d 58, 69 (2d Cir. 2001) (collecting cases).

The following allegations constitute the basis of Plaintiff's Title VI claim: (a) she submitted a complaint to the Office of Equity and Compliance reporting Defendant Lin's conduct of retaining of her grades for courses in fall 2015 and spring 2016 and assigning her to create (for credit) materials to be used in one of Dr. Lin's lecture courses; (b) Defendant Barbadoro initially told her she would review her complaint and schedule a phone conversation between them for that purpose; (c) when Plaintiff later provided an international phone number for that call, Defendant Barbadoro stated "I did not realize that you were not in the United States at this time," "I think you may have been directed to the wrong office," and "our office is not the appropriate office to handle this matter, and I am sorry that you were improperly referred here"; and (d) the Office of Equity and Compliance is responsible for responding to complaints of unlawful discrimination and oversees compliance with internal, state, and federal laws that prohibit discriminatory behaviors.  (Dkt. No. 1, at ¶¶ 40-44 [Pl.'s Compl.].)   Plaintiff also alleges that, approximately a month after her last contact with Defendant Barbadoro, Assistant Dean for Student Affairs at the School of Public Health Caitlin Reid informed her that Defendant SUNY Albany was conducting an investigation into her complaint, the outcome of which was conveyed

to her in May 2019.  (*Id.* at ¶¶ 40, 44-45.)

   As noted above, Plaintiff has not alleged any basis for holding Defendant SUNY Albany liable under Title VI other than the actions taken by Defendant Barbadoro.  (Dkt. No. 17, at 13-14 [Pl.'s Opp'n Mem. of Law].)  However, these alleged actions do not plausibly suggest that Plaintiff was discriminated against on the basis of her national origin, much less that any such discrimination was intentional and that the actions were substantially motivated by discrimination.  Plaintiff acknowledges that her complaint was eventually investigated by the university, but takes issue with the fact that Defendant Barbadoro asserted that the Office of Equity and Compliance was not the proper office to perform that investigation.  However, nothing in Plaintiff's allegations plausibly suggests that her complaint was in fact within the scope of that office's responsibility.  Specifically, Plaintiff acknowledges that the Office of Equity and Compliance handles complaints related to discrimination.  However, nothing in her Complaint plausibly suggests that her complaint to that office was in any way related to discrimination; rather, all her allegations relate to the fact that Defendant Lin improperly withheld her grades and forced her to do work that benefitted Defendant Lin.  In her opposition memorandum of law, Plaintiff notes that Defendant Barbadoro informed her that Ms. Reid's office would be the more appropriate office to handle such "academic concerns."  (Dkt. No. 17, at 11-12 [Pl.'s Opp'n Mem. of Law].)   Although Plaintiff might have believed that her complaint related to "illegal treatment," there are absolutely no factual allegations plausibly suggesting that Defendant Lin's reported conduct was motivated by *discrimination*, or that Plaintiff asserted in her complaint that those actions were based on discrimination.  (Dkt. No. 1, at ¶¶ 40-44 [Pl.'s Compl.].)

Indeed, Plaintiff did not allege that Defendant Barbadoro was aware of her national origin at the time she told Plaintiff that her office was not the proper place for that complaint, only that Plaintiff had an international phone number and was not located in the United States at that time; Plaintiff does not even allege that Defendant Barbadoro knew what country Plaintiff's phone number was from.  (Dkt. No. 1, at ¶ 41 [Pl.'s Compl.].)  Moreover, Plaintiff has not alleged how, in referring Plaintiff's complaint to a different office in the university, Defendant Barbadoro "was denying Plaintiff her right to report the violations to her legal rights."  (Dkt. No. 17, at 12 [Pl.'s Opp'n Mem. of Law].)  Rather, she acknowledges in the Complaint that an investigation was conducted by the university, the outcome of which was conveyed to her in May 2019.  (*Id.* at ¶¶ 40, 44-45.)  Plaintiff was therefore, by her own admission, not denied the ability to seek redress on her complaint.  The fact that she believes that the Office of Equity and Compliance should have performed that investigation rather than Ms. Reid's office does not give rise to a discrimination claim.

Finally, even if Plaintiff had alleged sufficient facts to plausibly allege Title VI discrimination, Plaintiff is incorrect in arguing that Defendant SUNY Albany can be held vicariously liable for the actions of its employees in the absence of any direct involvement by it in the conduct.  Rather, "[l]iability under Title VI, which parallels that of Title IX, cannot be imputed to institutions based on the actions of their employees."  *See Goonewardena*, 475 F. Supp. 2d at 329 (finding that plaintiff's claims against CUNY pursuant to Title VI based solely on the actions of its employees must be dismissed due to the unavailability of vicarious liability under that statute); *Baird v. State Univ. of New York*, 08-CV-0388, 2010 WL 4781305, at *7 (N.D.N.Y. Nov. 17, 2010) (Sharpe, J.) ("[T]o the extent Baird seeks to hold SUNY and Empire

19

liable for the conduct of defendants Benke or Corrigan, or any other employee, those [Title VI] claims are dismissed."), *rev'd in part on other grounds by* 2011 WL 196886 (N.D.N.Y. Jan. 20, 2011) (Sharpe, J.).  Because all of Plaintiff's allegations related to the claim of discrimination are based on the actions of Defendant Barbadoro, and because Plaintiff herself argues that the only basis for liability against Defendant SUNY Albany is its status as Defendant Barbadoro's employer, Plaintiff's request to amend her Complaint to assert her discrimination claim against Defendant SUNY Albany is denied on the ground that such amendment would be futile.

For all of these reasons, the Court finds that Plaintiff's discrimination claim pursuant to Title VI must be dismissed.

**E.    Whether Plaintiff Has Stated a Conspiracy Claim Upon Which Relief Can Be Granted**

After careful consideration, the Court answers this question in the negative for the reasons stated in Defendants' memorandum of law.  (Dkt. No. 14, Attach. 1, at 10-11 [Defs.' Mem. of Law].)  To those reasons, the Court adds the following analysis.

"To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damage." *Thomas v. City of Troy*, 293 F. Supp. 3d 282, 303 (N.D.N.Y. 2018) (quoting *Pangburn v. Culbertson*, 200 F.3d 65, 72 [2d Cir. 1999]); *see Webster v. Fischer*, 694 F. Supp. 2d 163, 194 (N.D.N.Y. 2010) (Kahn, J.) ("To sustain a conspiracy claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that a defendant 'acted in a willful manner, culminating in an agreement, understanding or meeting of the minds, that violated the plaintiff's rights . . . secured by the

Constitution or the federal courts.'").  "Conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief under section 1983." *Webster*, 694 F. Supp. 2d at 194 (citing *Sommer v. Dixon*, 709 F.2d 173, 175 [2d Cir. 1983]).

Here, Plaintiff's Complaint has not included any factual allegations plausibly suggesting an agreement between any of the Defendants to take the alleged actions against Plaintiff, nor any factual allegations plausibly suggesting that the actions taken by the individual Defendants were anything more than separate acts; the fact that all their alleged actions were detrimental to Plaintiff's interests does not make them part of a conspiracy without allegations that those actions were all part of an agreement.  Because Plaintiff has offered nothing but vague and conclusory allegations that a conspiracy existed between the Defendants, she has failed to state a claim of conspiracy pursuant to 42 U.S.C. § 1983.

For all of these reasons, the Court finds that Plaintiff's conspiracy claim must be dismissed.

**F.     Whether Plaintiff Should Pe Permitted an Opportunity to Amend Her Complaint Before the Dismissal of Her Action**

Having found that all of Plaintiff's claims must be dismissed due to her failure to state a claim upon which relief can be granted, the Court must consider whether, out of special solicitude to her as a *pro se* litigant, Plaintiff should be afforded an opportunity to amend her Complaint because she has indicated an ability to remedy the pleading defects identified by the Court.  *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) ("[T]he court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").  After carefully considering

21

the matter, the Court finds that, before it dismisses her action, it should afford Plaintiff a further opportunity to allege any facts she might have plausibly suggesting the existence of similarly situated persons now that she is fully aware (as a result of this Decision and Order) that such allegations are necessary to state an equal protection claim.

The Court notes, however, that it need not, and does not, provide Plaintiff an opportunity to amend (a) her due process claims (including her claim based on her intellectual property rights), (b) her claims asserted against Defendant SUNY Albany pursuant to 42 U.S.C. § 1983, (c) her discrimination claim against Defendant Barbadoro, and (d) her proposed discrimination claim against Defendant SUNY Albany; the defects in those claims, for the reasons identified above, cannot be cured by any amendment, and thus any opportunity to amend those claims would be futile. The Court also finds that an opportunity to amend her conspiracy claim would also be futile because she has provided no indication that she can allege facts plausibly suggesting that any of the Defendants acted in accordance with an agreement; rather, the facts as alleged in her Complaint and in her opposition memorandum of law reflect that Plaintiff's conspiracy claim is based on nothing more than an assumption that, because Defendants all acted as they did, they must have agreed or conspired in their actions. Such vague allegations do not indicate that Plaintiff can allege facts plausibly suggesting the existence of a conspiracy. These specific claims are therefore dismissed with prejudice regardless of whether she chooses to file an Amended Complaint.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 14) is **<u>GRANTED</u>**; and it is further

**ORDERED** that the following claims are **<u>DISMISSED</u> with prejudice**:

(1)     Plaintiff's First and Fourth Claims asserting a violation of her due process rights;

(2)     Plaintiff's Third Claim asserting discrimination pursuant to Title VI; and

(3)     Plaintiff's Fifth Claim asserting the existence of a conspiracy; and it is further

**ORDERED** that Defendant SUNY Albany is **<u>DISMISSED</u>** from this action; and it is further

**ORDERED** that Plaintiff's Second Claim asserting a violation of her equal protection rights is conditionally **<u>DISMISSED</u>**, such that that claim in the Complaint **shall be DISMISSED** from this action **with prejudice** and without further order of this Court **UNLESS**, within **THIRTY (30) DAYS** from the date of this Decision and Order, she files an **AMENDED COMPLAINT** correcting the pleading defects as identified above in this Decision and Order; and it is further

**ORDERED** that any Amended Complaint that Plaintiff chooses to file shall be a complete pleading, which will supercede her original Complaint in all respects, and may not incorporate any portion of her original Complaint by reference, in accordance with Local Rule 7.1(a)(4) of the District's Local Rules of Practice;[3] and it is further

**ORDERED** that any Amended Complaint that Plaintiff chooses to file may not reassert any claims that have been dismissed with prejudice by this Decision and Order; and it is further

**ORDERED** that nothing in this Decision and Order shall preclude Defendants from

---

[3]     Plaintiff is respectfully advised to, in her Amended Complaint, repeat the relevant factual allegations in both her Complaint and opposition memorandum of law in addition to adding new relevant factual allegations in accordance with the Court's decision.

again moving to dismiss the remaining claim in this action for failure to state a claim to the

extent that Defendants can demonstrate that Plaintiff has, in re-pleading that claim, failed to

comply with the Decision and Order.

Dated: May 19, 2020
        Syracuse, New York


Hon. Glenn T. Suddaby
Chief U.S. District Judge

24