UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHERINE ELDARS,

                Plaintiff,

v.                                               1:19-CV-0801
                                              (GTS/DJS)
SHAO LIN, Ph.D.; DANIELLE E. GRASSO
MS; PATRICK J. PARSONS, Ph.D.;
KATHLEEN A. McDONOUGH, Ph.D.; and
AMELIA BARBADORO, Ph.D., J.D.,

                Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

SHERINE ELDARS
   Plaintiff, *Pro Se*
4281 Express Lane, Suite M5596
Sarasota, FL 34249

HON. LETITIA JAMES                         BRIAN W. MATULA, ESQ.
Attorney General for the State of New York
   Counsel for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

     Currently before the Court, in this *pro se* civil rights action filed by Sherine Eldars ("Plaintiff"), is Plaintiff's motion for relief from the Court's Judgment of July 9, 2020. (Dkt. No. 20.) For the reasons set forth below, Plaintiff's motion is granted.

**I.**     **RELEVANT BACKGROUND**

       **A.**     **The Court's Decision and Order of May 19, 2020, and Judgment of July 9, 2020**

On May 19, 2020, the Court granted Defendants' motion to dismiss, dismissing Plaintiff's First, Third, Fourth, and Fifth Claims with prejudice, but dismissing her Second Claim (based on an alleged violation of the Equal Protection Clause of the United States Constitution) without prejudice to the filing of an Amended Complaint addressing the defects in the Complaint related to that claim identified by the Court in its Decision and Order.  (Dkt. No. 18.)  The Court ordered that any such Amended Complaint must be filed within 30 days of the date of that Decision and Order.  (*Id.*)

On July 9, 2020, the Court issued a Judgment dismissing Plaintiff's Complaint in its entirety based on Plaintiff's failure to file an Amended Complaint as ordered by the Court. (Dkt. No. 19.)

**B.     Plaintiff's Memorandum of Law on Her Motion for Relief from Judgment**

On August 3, 2020, Plaintiff filed her motion for relief from the Court's Judgment of July 9, 2020.  (Dkt. No. 20, Attach. 2.)   In her motion, Plaintiff argues that the Court should excuse her failure to comply with its deadline to file an Amended Complaint because she did not receive notice of the Court's Decision and Order of May 19, 2020, within the time that was allowed for her to file an Amended Complaint.  (*Id.*)  Specifically, Plaintiff argues that (a) her mail is forwarded to her by a professional company through her provided address in Florida, but she never received the mailed notice of the Court's Decision and Order, noting that the COVID-19 pandemic has caused disruption of postal service in various countries and "mail delay and loss was observed during quarantine time," and (b) although she has a PACER account to monitor the Court's proceedings in this case, she was not able to log into her PACER account during quarantine because of a "technical problem at her computer that could not be fixed then due to

COVID-19 pandemic quarantine restrictions." (*Id.*) Plaintiff further argues that her failure to comply with the Court's Order to file an Amended Complaint was not voluntary and was based on the fact that she had not had notice of the Court's Decision and Order of May 19, 2020. (*Id.*)

## II.     GOVERNING LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Relief is available under subdivision (b)(6), however, only in 'extraordinary circumstances.'" *Buck v. Davis*, 137 S. Ct. 759, 772 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 [2005]). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

## III.    ANALYSIS

After careful consideration, the Court grants Plaintiff's motion for relief from the Judgment of July 9, 2020. Although Plaintiff's explanations are somewhat lacking in detail, the Court finds that her explanation of not receiving the Court's mailing of the Decision and Order of May 19, 2020, and her inability to access PACER during the relevant 30 day period, along

with her *pro se* status and the exigencies of the COVID-19 restrictions at the relevant time, merit permitting her an opportunity to submit an Amended Complaint now that she is aware of the Court's Decision and Order. Specifically, the Court finds that, affording special solicitude to Plaintiff's *pro se* status, Plaintiff's explanation sufficiently meets the requirement of showing mistake, inadvertence, surprise, or excusable neglect under Fed. R. Civ. P. 60(b)(1), and her motion under that section is timely filed. *See Scaglione v. Mamaroneck Union Free Sch. Dist.*, 216 F. App'x 116, 118 (2d Cir. 2007) (noting that an assertion that the plaintiff did not receive service of the judgment while his notice of appeal would have been timely might constitute excusable neglect under Rule 60[b][1] and remanding to the district court to rule explicitly on that question). The Court therefore will allow Plaintiff 30 days from the date of this Decision and Order to file an Amended Complaint correcting the pleading defects (identified in the Court's Decision and Order of May 19, 2020) in her Second Claim asserting a violation of her equal protection rights. The Court also wishes to make clear that nothing in this current Decision and Order alters or vacates the Court's Decision and Order of May 19, 2020; it merely relieves Plaintiff of the portion of the Judgment of July 9, 2020, that converted the dismissal without prejudice of her Second Claim into a dismissal with prejudice. All claims other than her Second Claim remain dismissed with prejudice and may not be reasserted in any Amended Complaint Plaintiff might file.

    **ACCORDINGLY**, it is

    **ORDERED** that Defendant's motion for relief from the Court's Judgment of July 9, 2020 (Dkt. No. 20), is **GRANTED**; and it is further

    **ORDERED** that the Second Claim of Plaintiff's Complaint is **REINSTATED** to the

extent discussed in this Decision and Order and consistent with the Decision and Order of May 19, 2020; and it is further

**ORDERED** that the Second Claim of Plaintiff's Complaint shall be **DISMISSED** with prejudice and without further order of this Court **UNLESS**, within **THIRTY (30) DAYS** from the date of this Decision and Order, she files an **AMENDED COMPLAINT** correcting the pleading defects identified in the Decision and Order of May 19, 2020; and it is further

**ORDERED** that any Amended Complaint that Plaintiff chooses to file shall be a complete pleading, which will supercede her original Complaint in all respects, and may not incorporate any portion of her original Complaint by reference, in accordance with Local Rule 7.1(a)(4) of the District's Local Rules of Practice;[1] and it is further

**ORDERED** that any Amended Complaint that Plaintiff chooses to file may not reassert any claims that have been dismissed with prejudice by the Decision and Order of May 19, 2020; and it is further

**ORDERED** that nothing in this Decision and Order shall preclude Defendants from again moving to dismiss the remaining claim in this action for failure to state a claim to the extent that Defendants can demonstrate that Plaintiff has, in re-pleading that claim, failed to comply with the Decision and Order of May 19, 2020.

Dated: October 26, 2020
         Syracuse, New York

*[signature]*
Glenn T. Suddaby
Chief U.S. District Judge

---

[1] Plaintiff is respectfully advised to, in her Amended Complaint, repeat the relevant factual allegations in both her Complaint and opposition memorandum of law in addition to adding any new relevant factual allegations in accordance with the Court's decision.